IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEIL WALKER, # 095197,           )<br>                                                         )<br>        Petitioner,                        )<br>                                                         )<br>    v.                                               )<br>                                                         )<br>KARLA JONES, *et al.*,             )<br>                                                         )<br>        Respondents.                  ) | Civil Action No. 1:14cv1218-WKW<br>                (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on December 8, 2014, by Alabama prisoner Neil Walker ("Walker"). Doc. No. 1.[1] Walker is serving a sentence of life in prison as a habitual felony offender imposed in November 1994 by the Circuit Court of Houston County following his conviction for murder. In his § 2254 petition, Walker challenges the trial court's denial of his motion for reduction of sentence under § 13A-5-9.1, Ala. Code 1975, which he filed in February 2014.

**I.   BACKGROUND**

In *Kirby v. State*, 899 So.2d 968, 971-72 (Ala. 2004), the Alabama Supreme Court discussed which inmates were eligible to seek sentence reductions under § 13A-5-9.1:

> Reading § 13A-5-9.1 in conjunction with § 13A-5-9 [Alabama's Habitual Felony Offender Act ("HFOA")], it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual

---

[1] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk of Court in the instant action. Any references to exhibits ("Resp'ts Ex.") are to those included with the Respondents' answer or supplemental answer. Page references are to those assigned by CM/ECF.

offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.

We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated.

899 So. 2d at 974.

There are three threshold requirements for eligibility to have a sentence reduced under § 13A-5-9.1:

(1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2); and (3) the inmate is a 'nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.

*Holt v. State*, 960 So. 2d 726, 734-35 (Ala. Crim. App. 2006).

After the trial court denied Walker's motion for reduction of sentence under § 13A-5-9.1, Walker appealed to the Alabama Court of Criminal Appeals, which held that the trial court's denial of Walker's motion was proper because he did not meet the threshold requirements for sentence reduction, specifically:

>Walker was not sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3), Ala. Code 1975, or to life imprisonment pursuant to § 13A-5-9(c)(2), Ala. Code 1975. Although Walker was sentenced as a habitual felony offender, he was sentenced to life imprisonment following his conviction for murder, a Class A felony. *See* § 13A-6-2(c), Ala. Code 1975.

Resp'ts Ex. I at 4-5.

In his § 2254 petition, Walker claims that the trial court's denial of his motion for reduction of sentence under § 13A-5-9.1 constituted a denial of due process and equal protection of the law. Doc. No. 1. Walker's petition, however, constitutes a successive § 2254 petition challenging his underlying life sentence and is therefore subject to summary dismissal because it was filed without the required appellate court authorization.

## II.   DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C.

---

[2] Section 2244(b)(1) provides:

(continued...)

§ 2244(b)(3)(B) & (C).

This court's records reflect that November 27, 2001, Walker filed a previous habeas petition under 28 U.S.C. § 2254 challenging his 1994 Houston County murder conviction and life sentence – the same life sentence he challenges in his instant petition. *See Walker v. State of Alabama, et al.*, Civil Action No. 1:01cv1383-MEF (M.D. Ala.), Doc. No. 1. On April 4, 2003, this court denied Walker's § 2254 petition and dismissed the case with

---

[2](...continued)
A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

>     (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

prejudice.[3]  *Id*., Doc. Nos. 71, 74 & 75.

The Eleventh Circuit deems an Alabama inmate's petition for writ of habeas corpus under 28 U.S.C. § 2254 that challenge a trial court's denial of an inmate's motion for reduction of sentence under § 13A-5-9.1 as an attack on the inmate's underlying conviction and sentence, and thus has held that such § 2254 petitions constitute successive petitions where the inmate has filed a previous habeas petition challenging the same underlying conviction and sentence.  *See, e.g., Malloy v. Warden, Attorney General State of Alabama*, Case No. 16-13198 (11th Cir. Dec. 9, 2016 (Order) [Doc. No. 37, *Malloy v. Davenport, et al.*, Civil Action No. 2:13cv784-WHA (M.D. Ala. 2010)].  Consequently, such § 2254 petitions – like the instant one filed by Walker – are subject to the requirements of 28 U.S.C. § 2244(b)(1)-(3).

Walker furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Walker] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  *See Farris v. United States*, 333 F.3d

---

[3] Prior to filing the instant § 2254 petition and after the denial of his initial § 2254 petition, Walker made another attempt to challenge his murder conviction and life sentence through a § 2254 petition, which this court dismissed as a successive habeas petition filed without the required appellate court authorization. *See Walker v. State of Alabama, et al.*, Civil Action No. 1:10cv124-TMH (M.D. Ala. 2010).

1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3), because Walker has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive § 2254 petition and this court therefore lacks jurisdiction to consider the petition.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before January 4, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain

error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 21st day of December, 2016.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE